UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-------------------------------- x
ADRIAN JOHNSON,                  :
                                 :
          Plaintiff,             :
                                 :
v.                               :
                                 :
CONNECTICUT COALITION AGAINST    :   Civil No. 3:23-cv-1133 (AWT)
DOMESTIC VIOLENCE; NETWORK       :
AGAINST DOMESTIC ABUSE INC;      :
HOMEWOOD SUITES MANCHESTER; and  :
INTERVAL HOUSE,                  :
                                 :
          Defendants.            :
-------------------------------- x
```

## RULING ON MOTIONS FOR SANCTIONS AND TO DISMISS

For the reasons set forth below, defendant Interval House's motion for sanctions and defendant Connecticut Coalition Against Domestic Violence's motion to dismiss are being granted.

### I.   BACKGROUND

Plaintiff Adrian Johnson failed to attend a status conference on March 19, 2025. See ECF No. 88 (The court notes that Johnson indicated that she attempted to join the conference after it had ended. See ECF No. 95.) The plaintiff then failed to attend two conferences, which were scheduled for May 15, 2025 and June 3, 2025, with Parajudicial Officer (PJO) James R. Hawkins. See ECF Nos. 95 and 97. The plaintiff joined a July 9, 2025 conference with PJO Hawkins only following an email from chambers. See ECF No. 100. The defendants assert that the

1

plaintiff adopted an "argumentative and belligerent disposition towards the parties' counsel and the para-judicial officer, James R. Hawkins." Connecticut Coalition Against Domestic Violence's Mot. to Dismiss Pursuant to Fed. R. Civ. P. 37 (ECF No. 118) at 2[1]; see also Defendant The Network Against Domestic Abuse Inc.'s Rule 11 Mot. for Sanctions (ECF No. 117) at 1. The plaintiff has not disputed this assertion and this assertion is consistent with how the plaintiff conducted herself during the status conference with the court on December 12, 2025.

On July 15, 2025, the court issued an order directing that initial discovery pursuant to Federal Rule of Civil Procedure 26(a) be completed within forty-five days of the order, i.e. by August 29, 2025. See ECF No. 103. The defendants assert that the plaintiff has yet to serve any initial disclosures. See Connecticut Coalition Against Domestic Violence's Mot. to Dismiss Pursuant to Fed. R. Civ. P. 37 at 2; Defendant The Network Against Domestic Abuse Inc.'s Rule 11 Mot. for Sanctions at 3. The plaintiff has not disputed this assertion.

Also on July 15, 2025, the court issued an order directing each party to file a proposed scheduling order within ten days of the order. In that order, the court noted that "[i]f any party fails to propound written discovery by the date set forth

---

[1] The page numbers cited to in this ruling for documents that have been electronically filed refer to the page numbers in the header of the documents and not to the page numbers in the original documents, if any.

in the court's scheduling order, that party's right to conduct such discovery will be waived." ECF No. 104. The plaintiff did not file a proposed scheduling order.

In light of the foregoing, the court granted defendant Network Against Domestic Abuse Inc.'s motion for sanctions (ECF No. 117) and renewed motion for sanctions (ECF No. 125), and defendant Connecticut Coalition Against Domestic Violence's motion for sanctions (ECF No. 118). See ECF No. 131. In the December 16, 2025 order doing so, the court

> restructured the discovery process as follows: Step One: the plaintiff will respond to the defendants' written discovery requests by 1/12/2026 (if the plaintiff fails to respond appropriately, her case will be dismissed); Step Two: the defendants will depose the plaintiff (the defendants advise that they plan to file motions requesting an order requiring the plaintiff to appear in person in Connecticut for the deposition) (if the plaintiff fails to cooperate with respect to the deposition, her case will be dismissed); Step Three: the defendants will finish responding to the plaintiff's written discovery requests; and Step Four: the plaintiff may conduct depositions.

Order Re Revised Discovery Process (ECF No. 131).

On January 28, 2026, the plaintiff filed "Global Objections and Procedural Response[s] to All Defendants' Interrogatories and Discovery Requests." See Plaintiff's First Objection to Interrogatories and Discovery Requests (ECF No. 133). In that document, the plaintiff objected "to each and every Interrogatory, Request for Production, and discovery demand propounded by any Defendant in this action." Id. at 2. On

3

January 30, 2026, despite the fact that she had not fulfilled her discovery obligations, the plaintiff filed a notice "of her intent to serve subpoenas duces tectum on various third-party telecommunications providers and internet service vendors." Notice by Adrian Johnson of Intent to Issue Subpoenas Duces Tecum (ECF No. 134) at 1. Defendant Interval House then filed another motion for sanctions, seeking, inter alia, dismissal. See Defendant Interval House's Mot. for Sanctions Including Dismissal (ECF No. 136). Defendant Connecticut Coalition Against Domestic Violence likewise filed another motion to dismiss pursuant to Federal Rules of Civil Procedure 11 and 37. See Defendant Coalition Against Domestic Violence's Mot. to Dismiss (ECF No. 137).

## II.  LEGAL STANDARD

"Federal Rule of Civil Procedure 37 allows the Court to impose a variety of sanctions for discovery-related abuses, and affords the Court broad discretion in fashioning an appropriate sanction." Feliciano-Cordero v. New Opportunities Inc., No. 3:20-CV-00094 (VAB), 2022 WL 834417, at *3 (D. Conn. March 18, 2022) (internal quotation marks and citation omitted). "When deciding on the appropriate sanction, the Court considers '(1) the willfulness of the noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the noncompliance; and (4) whether the noncompliant party was warned that further

4

noncompliance could result in sanctions.'" Id. (quoting Kellogg v. J.C. Penney Corp., No. 11-CV-733 (RNC), 2013 WL 308985, at *1 (D. Conn. Jan. 25, 2013)). Under Federal Rule of Civil Procedure 37, if a party "fails to obey an order to provide or permit discovery," the court may, inter alia, dismiss the action or proceeding in whole or in part. Fed. R. Civ. P. 37(b)(2)(A); see also Smith v. Connecticut Dept. of Correction, 644 Fed. App'x 1, 2 (2d Cir. 2016) ("Federal Rule of Civil Procedure 37 allows a district court to dismiss an action if a party fails to obey a discovery order or otherwise meet its discovery obligations.").

> Although "dismissal under Fed.R.Civ.P. 37 is a drastic remedy that should be imposed only in extreme circumstances," Salahuddin v. Harris, 782 F.2d 1127, 1132 (2d Cir. 1986), this severe sanction may well be warranted, even in the case of pro se litigants, when, "due to willfulness or bad faith," they fail to comply with discovery orders after being warned that noncompliance can result in dismissal. Daval Steel Products v. M/V Fakredine, 951 F.2d 1357, 1367 (2d Cir. 1991).

Proctor v. Poole, 233 F.R.D. 323, 325 (W.D.N.Y. 2006); see also Valentine v. Museum of Modern Art, 29 F.3d 47, 50 (2d Cir. 1994) ("The severe sanction of dismissal with prejudice may be imposed even against a plaintiff who is proceeding pro se, so long as a warning has been given that noncompliance can result in dismissal.").

## III. DISCUSSION

As to the efficacy of lesser sanctions, the court previously imposed the lesser sanction of restructuring

5

discovery. See Order Re Revised Discovery Process (ECF No. 131). But the plaintiff has failed to comply with the court's order with respect to the restructured discovery process. In addition, the court stated that it "considered imposing monetary sanctions and did not do so because of the plaintiff's in forma pauperis status, but may consider imposing monetary sanctions in future." Minute Entry for Status Conference on Dec. 12, 2025 (ECF No. 130). Thus, the lesser sanction of restructuring discovery and the possibility of monetary sanctions have not been effective. See Workneh v. Super Shuttle Int'l, Inc., No. 15CIV03521ERRWL, 2020 WL 3492000, at *10, report and recommendation adopted, No. 15CIV3521ERRWL, 2020 WL 3489483 (S.D.N.Y. June 8, 2020) (internal quotation marks omitted) ("Plaintiff's continued defiance of court orders after being warned that the consequence of non-compliance is dismissal indicates that lesser sanctions would be an exercise in futility.").

As to the duration of noncompliance and the willfulness of noncompliance, the plaintiff has been out of compliance with this court's orders regarding discovery since the deadlines imposed in the July 15, 2025 orders, ECF Nos. 103 and 104, directing that initial discovery be completed within forty-five days and that each party file a proposed scheduling order within ten days. See Troeger v. JetBlue Airways Corp., No. 23-CV-10859 (JPO), 2026 WL 554692, at *3 (S.D.N.Y. Feb. 27, 2026) (finding

6

that six months of repeatedly failing to comply with the court's deadlines "is more than sufficient to support dismissal" and collecting cases). "In assessing willfulness, courts consider whether: (1) the orders were clear; (2) the party being sanctioned understood the orders; and (3) the non-compliance was within the party's control." Workneh, 2020 WL 3492000, at *10. In the order restructuring discovery, the court put the plaintiff on notice that her case would be dismissed in the event of further noncompliance with her discovery obligations. Despite this, the plaintiff filed a blanket objection to all of the defendants' written discovery requests. Johnson's noncompliance was within her control, as she actively refused to comply to any extent with her discovery obligations. Thus her noncompliance has been prolonged and willful.

As to warning the plaintiff of the consequences of noncompliance, the order restructuring discovery stated that "if the plaintiff fails to respond appropriately [to the defendants' written discovery requests], her case will be dismissed." Order Re Revised Discovery Process (ECF No. 131). Thus, the "plaintiff was explicitly warned that failure to abide by court orders would result in dismissal," Smith, 644 Fed. App'x at 3, and she "cannot credibly argue that [s]he was not sufficiently warned that serious sanctions were imminent." Id. (internal quotation marks omitted) (quoting Guggenheim Capital, LLC v. Birnbaum, 722

7

F.3d 444, 453 (2d Cir. 2013)).

Because lesser sanctions have been ineffective, the plaintiff's noncompliance has been prolonged and willful, and the plaintiff has been warned of the consequences of noncompliance, a sanction of dismissal is appropriate in this case.

## IV.   CONCLUSION

For the reasons set forth above, defendant Interval House's motion for sanctions (ECF No. 136) and defendant Connecticut Coalition Against Domestic Violence's motion to dismiss (ECF No. 137) are hereby GRANTED. The Second Amended Complaint (ECF No. 34) is dismissed with prejudice.

The Clerk shall enter judgment accordingly and close this case.

It is so ordered.

Signed this 23rd day of April 2026, at Hartford, Connecticut.

/s/AWT
Alvin W. Thompson
United States District Judge
